■ In the Matter of DALE T., Alleged to be a Permanently Neglected Child. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SONJA U., Appellant. [654 NYS2d 45] —Yesawich Jr., J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered January 11, 1996, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to, inter alia, adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent contends that Family Court erred, when consid-

ering whether her mental retardation renders her unable to parent her troubled 15-year-old son, Dale, by failing to focus specifically on his particular needs instead of the parenting needs of a baby or younger child. We are unpersuaded. In concluding that respondent's mental incapacity (she is in the mildly mentally retarded range) prevents her from being able to provide "proper and adequate care" for her son (see, Social Services Law § 384-b [4] [c]; [6] [b]), the court relied on expert testimony delineating not only how respondent's cognitive and emotional deficits make it difficult or impossible for her to make appropriate parenting decisions in general, but also how these factors affect her ability to address Dale's specific needs as a teenager who has previously been sexually abused.

Petitioner demonstrated by competent expert testimony— there was no contrary expert opinion—that respondent's limited capabilities have prevented her from benefiting significantly from the sexual offender treatment program and parenting classes she has attended, and that there is, consequently, a considerable risk that she may commit further offenses herself; that her lack of judgment and emotional limitations make it improbable that she will be able to protect Dale from future abuse at the hands of her husband (from whom she has been unable to separate despite professing a desire to do so); and that there is little likelihood that this situation will change in the foreseeable future. In short, we agree with Family Court that respondent is, and will remain, unable to effectively and safely care for Dale, placing him in danger of becoming neglected (see, Matter of Karen Y. [Hiram Y.], 156 AD2d 823, 824-825, lv denied 75 NY2d 710), and that termination of her parental rights is therefore warranted (see, Social Services Law § 384-b [4] [c]; Matter of Joyce T., 65 NY2d 39, 46; Matter of Joseph T. [Billie U.], 220 AD2d 893, 894).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.