■ In the Matter of ABBY B., Also Known as ABBIE L., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PAUL B., Appellant, et al., Respondent. [703 NYS2d 780] —Order unanimously affirmed without costs. Memorandum: Family Court properly terminated the parental rights of the father (respondent). Petitioner presented clear and convincing evidence that respondent is presently and for the foreseeable future unable by reason of mental retardation to provide proper and adequate care for the child (*see,* Social Services Law § 384-b [3] [g]; [4] [c]; *Matter of Joyce T.,* 65 NY2d 39, 46; *Matter of Cathleen B.,* 219 AD2d 847). The psychiatrist who performed the court-ordered evaluation testified that, although the mental retardation of respondent was mild, his limitations prevented him from understanding the child's severe disabilities, and thus the child would be at risk of becoming a neglected child if placed in his custody.

Contrary to respondent's contention, the court properly determined that the best interests of the child were served by committing the guardianship and custody of the child to petitioner (*see, Matter of Joyce T., supra,* at 49-50). The court properly determined that, although respondent was well-intentioned, he is incapable of caring for the child for the foreseeable future (*see, Matter of Joyce T., supra,* at 49-50). The child has been in foster care since birth, and, although respondent consistently visited with her, she was unable to recognize people because of her disabilities. There was no evidence that the child and respondent shared a bond that would make long-term foster care an appropriate disposition (*cf., Matter of Michael E.,* 241 AD2d 635, 638). (Appeal from Order of Erie County Family Court, Mix, J.—Terminate Parental Rights.) Present—Green, A. P. J., Hurlbutt, Scudder and Lawton, JJ.