■ In the Matter of SHANEEKA TYSHEEKA J., a Child Alleged to be Neglected. NADINE ANITA J., Appellant; ST. VINCENT'S SERVICES, INC., Respondents. (Proceeding No. 1.) In the Matter of TAMEEKA SHAMEEKA J., a Child Alleged to be Neglected. NADINE ANITA J., Appellant; ST. VINCENT'S SERVICES, INC., Respondent. (Proceeding No. 2.) In the Matter of TYLEISHA ANITA J., a Child Alleged to be Neglected. NADINE ANITA J., Appellant; ST. VINCENT'S SERVICES, INC., Respondent. (Proceeding No. 3.) In the Matter of WYNEISHA NICOLE J., a Child Alleged to be Neglected. NADINE ANITA J., Appellant; ST. VINCENT'S SERVICES, INC., Respondent. (Proceeding No. 4.) [722 NYS2d 258] —In four proceedings pursuant to Social Services Law 384-b to terminate parental rights on the grounds of permanent neglect and that the mother is unable to care for the children as a result of mental retardation, the mother appeals from four orders of the Family Court, Kings County (Weinstein, J.), all dated September 29, 1999 (one in each proceeding), which, after a fact-finding hearing, terminated her parental rights and transferred guardianship and custody of the children to the

Commissioner of Social Services of the City of New York and the petitioner St. Vincent's Services, Inc.

Ordered that the orders are affirmed, without costs or disbursements.

The petitioner established by clear and convincing evidence that the appellant is unable to care for the subject children as a result of mental retardation, resulting in fundamentally impaired judgment and an inability to provide adequately and properly for the subject children (*see,* Social Services Law 384-b [4] [c]; *Matter of Hime Y.,* 52 NY2d 242). The court-appointed psychologist testified that based upon her examinations of the mother and her review of her medical records, the mother was suffering from mental retardation. The mother's condition is long-standing, and she possesses a history of poor judgment. Accordingly, the Family Court properly found that there was clear and convincing evidence that the mother presently and for the foreseeable future would be unable to care for the children by reason of mental retardation (*see, Matter of Joyce T.,* 65 NY2d 39). Santucci, J. P., S. Miller, Schmidt and Smith, JJ., concur.