■ In the Matter of WILLIAM BB., Alleged to be the Child of a Mentally Retarded Parent. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; IRENE EE., Appellant. [740 NYS2d 489] —Rose, J. Appeal from an order of the Family Court of Cortland County (Avery, Jr., J.), entered April 23, 2001, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be the child of a mentally retarded parent, and terminated respondent's parental rights.

Respondent is the biological mother of William BB., who has been in the care of foster parents since his birth in 1998, initially as a result of respondent's consent and later as a result of her homelessness, alleged mental retardation and neglect. In 2000, petitioner commenced the instant proceeding to terminate respondent's parental rights based upon her alleged inability, by reason of mental retardation, to provide adequate and proper care for her son. After conducting fact-finding and dispositional hearings, Family Court granted the petition and terminated respondent's parental rights, freeing him for adoption by his foster parents. Respondent appeals, and we affirm.

Petitioner has demonstrated, by clear and convincing evidence, that respondent is, and for the foreseeable future will remain, unable to care for her son by reason of mental retardation (*see, Matter of Mathew Z.*, 279 AD2d 904, 905-906; *Matter of Dale T.*, 236 AD2d 744, 745; *Matter of Donald LL.*, 188 AD2d 899, 900-901). Two psychologists, one of whom was court-appointed and both of whom had examined respondent on several occasions, testified that respondent has subaverage intellectual functioning, is mentally retarded as that term is

defined in the fourth edition of the Diagnostic and Statistical Manual of Mental Disorders, possesses limited parenting skills, and would likely neglect the child if he were returned to her care. They opined that respondent's deficiencies would prevent her from adequately providing the type and level of care and attention required by the child's own developmental problems and special needs. Further, the foster parents, who seek to adopt the child, spend roughly 12 to 14 hours each day attending to his special needs. This uncontroverted testimony amply supports Family Court's determination (*compare, Matter of Michael E.*, 241 AD2d 635).

Finally, Family Court's failure to preclude the foster mother from testifying during the fact-finding hearing regarding matters that occurred after the filing of the petition, while precluding respondent from presenting a parent aide's testimony of postpetition events, does not require reversal here. The foster mother's testimony had no bearing on Family Court's finding of respondent's mental retardation, and the parent aide was permitted to testify during the dispositional phase (*see, Matter of Lisa Z.*, 278 AD2d 674, 675).

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.