**■■** In the Matter of CHRISTINE MARIE R., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIMBERLY ANN R., Appellant. (Appeal No. 1.) [755 NYS2d 540] —Appeal from an order of Family Court, Erie County (Mix, J.), entered February 7, 2001, which terminated respondent's parental rights on the ground of permanent neglect.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding by filing two petitions seeking to terminate the parental rights of respondent based on her alleged inability to care for her child on the ground of mental illness or mental retardation and on the ground of her alleged permanent neglect of her child. Petitioner established by clear and convincing evidence that respondent is unable to care for her child as a result of her mental retardation (*see* Social Services Law § 384-b [3] [g]; [4] [c]; [6] [b]; *Matter of William BB.,* 293 AD2d 791; *Matter of Shaneeka Tysheeka J.,* 281 AD2d 626, 627; *Matter of Michael E.,* 241 AD2d 635, 636-637). Petitioner presented the testimony of a psychiatrist and a psychologist, both of whom examined respondent pursuant to court orders. Both experts concluded that respondent was unable to provide proper care for her child because of respondent's mental retardation. Contrary to respondent's contention, the court did not err in refusing to allow respondent to call two witnesses to testify. Those witnesses could not provide "psychiatric, psychological or medical evidence" (§ 384-b [6] [e]), nor could they provide evidence that was otherwise relevant. We reject respondent's further contention that the court erred in refusing to hold a dispositional hearing. Such a hearing is not required upon a finding of mental retardation (*see Matter of Joyce T.,* 65 NY2d 39, 49; *Michael E.,* 241 AD2d at 638).

We note that petitioner proceeded at trial only with respect to mental illness or mental retardation and did not present evidence of permanent neglect. The order in appeal No. 1, however, terminates the parental rights of respondent on the ground of permanent neglect, while the order in appeal No. 2 terminates her parental rights on the ground of her mental retardation. We therefore reverse the order in appeal No. 1 and dismiss the petition seeking to terminate respondent's parental rights on the ground of permanent neglect. Present—Wisner, J.P., Scudder, Burns and Hayes, JJ.