■ In the Matter of SAMANTHA R. OHEL CHILDREN'S HOME & FAMILY SERVICES, Respondent; SINDY R., Appellant. (Proceeding No. 1.) In the Matter of JOSHUA R. OHEL CHILDREN'S HOME & FAMILY SERVICES, Respondent; SINDY R., Appellant. (Proceeding No. 2.) [761 NYS2d 520] —In two related proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground that she is presently and for the foreseeable future unable, by reason of mental retardation, to provide proper and adequate care for the subject children, the mother appeals from two orders of fact-finding and disposition of the Family Court, Richmond County (McElrath, J.), both dated November 27, 2001 (one as to each child), which, after a fact-finding hearing, terminated her parental rights and transferred guardianship and custody of the subject children to the Commissioner of Social Services of the City of New York and the petitioner, OHEL Children's Home & Family Services, for purposes of adoption.

Ordered that the orders are affirmed, without costs or disbursements.

The petitioner established, by clear and convincing evidence (*see* Social Services Law § 384-b [3] [g]), that the mother is presently and for the foreseeable future unable, by reason of mental retardation, to provide proper and adequate care for the subject children (*see* Social Services Law § 384-b [4] [c]). Indeed, the uncontradicted expert testimony showed that she had sub-average intellectual functioning that originated during her developmental period, and that this condition impaired her adaptive behavior to such an extent that if the children, who

have many special needs, were returned to her custody, they would be in danger of becoming neglected (*see* Social Services Law § 384-b [6] [b]; *Matter of Cheryl YY.*, 302 AD2d 632 [2003]; *Matter of William BB.*, 293 AD2d 791 [2002]; *Matter of Abby B.*, 269 AD2d 819 [2000]; *Matter of Westchester County Dept. of Social Servs. [John Franklin B.] v Barbara M.*, 215 AD2d 569 [1995]). Furthermore, contrary to the mother's contention, the court providently exercised its discretion in declining to hold a dispositional hearing (*see Matter of Joyce T.*, 65 NY2d 39 [1985]; *Matter of Elizabeth Q.*, 126 AD2d 905 [1987]).

The mother's remaining contention is without merit. Prudenti, P.J., Altman, Smith and Adams, JJ., concur.