█ In the Matter of DEQUAISA M.A. CHILDREN'S AID SOCIETY et al., Respondents; TASHA W., Appellant. (Proceeding No. 1.) In the Matter of DASHAWN L.W. CHILDREN'S AID SOCIETY et al., Respondents; TASHA W., Appellant. (Proceeding No. 2.) In the Matter of TYREKE L.W.K. CHILDREN'S AID SOCIETY et al., Respondents; TASHA W., Appellant. (Proceeding No. 3.) In the Matter of TATIANA M.A.W. CHILDREN'S AID SOCIETY et al., Respondents; TASHA W., Appellant. (Proceeding No. 4.) [989 NYS2d 392]—

In four related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on grounds including mental retardation, the mother appeals, as limited by her brief, from so much of four orders of fact-finding and disposition of the Family Court, Queens County (Tally, J.), all dated November 30, 2012 (one as to each child), as, upon finding that she was presently and for the foreseeable future unable by reason of mental retardation to provide proper and adequate care for the subject children, terminated her parental rights, and transferred guardianship and custody of the children to the Children's Aid Society and the Commissioner of Social Services of the City of New York for the purpose of adoption without conducting a separate dispositional hearing.

Ordered that the appeal from the order pertaining to the child Dequaisa M.A. is dismissed as academic, without costs or disbursements, as she has since reached the age of majority (*see Matter of Winston Lloyd D.*, 7 AD3d 706, 707 [2004]); and it is further,

Ordered that the orders pertaining to the other three children are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court, upon finding that she is presently and for the foreseeable future unable by reason of mental retardation to provide proper and adequate care for the subject children, who have been in foster care since 2008, providently exercised its discretion in freeing the children for adoption without conducting a dispositional hearing (*see Matter of Joyce T.*, 65 NY2d 39, 46 [1985]; *Matter of Joseph Lawrence S.*, 56 AD3d 785, 786 [2008]; *Matter of Jimmy Jeremie R.*, 29 AD3d 913, 914 [2006]).

The mother's remaining contentions are without merit. Skelos, J.P., Chambers, Lott and Duffy, JJ., concur.