■ In the Matter of KAYLEE Y.B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BEVERLY B., Appellant. (Proceeding No. 1.) In the Matter of TRAVIS J.B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BEVERLY B., Appellant. (Proceeding No. 2.) In the Matter of KERRY J.B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BEVERLY B., Appellant. (Proceeding No. 3.) [27 NYS3d 181]—

Appeal from an order of the Family Court, Suffolk County (Caren Loguercio, J.), dated May 1, 2015. The order, insofar as appealed from, after a fact-finding hearing, determined that

pursuant to Social Services Law § 384-b (4) (c) the mother was presently and for the foreseeable future unable to care for the subject children, terminated her parental rights, and placed the subject children in the custody of the Suffolk County Commissioner of Social Services for the purpose of adoption.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Suffolk County Department of Social Services commenced proceedings to terminate the mother's parental rights. After a fact-finding hearing, the Family Court determined that pursuant to Social Services Law § 384-b (4) (c) the mother was presently and for the foreseeable future unable to care for the subject children, terminated her parental rights, and placed the subject children in the custody of the Suffolk County Commissioner of Social Services for the purpose of adoption. The mother appeals.

In a proceeding such as this to terminate parental rights, the court's inquiry is whether the agency has proved by clear and convincing evidence that the parent is "presently and for the foreseeable future unable, by reason of . . . mental retardation, to provide proper and adequate care for a child who has been in the care of an authorized agency for the period of one year immediately prior to the date on which the petition is filed" (Social Services Law § 384-b [4] [c]). Here, the uncontroverted testimony of two psychologists revealed that the mother had sub-average intellectual functioning that originated in childhood, impaired adaptive functioning, impaired parental capacity, and that, because of her mental condition, the subject children would be in danger of becoming neglected if they were returned to her care. Contrary to the mother's contention, the Family Court correctly found that there was clear and convincing evidence that she is presently and for the foreseeable future unable to provide proper and adequate care for the subject children, and terminated her parental rights (see Social Services Law § 384-b [6] [b]; Matter of Zachary R. [Duane R.], 118 AD3d 1479 [2014]; Matter of Diante B. [Kelly B.], 75 AD3d 599 [2010]; Matter of Mercedes W.R. [Ellen C.], 69 AD3d 638 [2010]).

The mother's remaining contention is unpreserved for appellate review and, in any event, without merit. Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.