■ In the Matter of JULIA N.-R. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARIA R., Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of JUSTIN P.R. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARIA R., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of MAX P.R. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARIA R., Appellant, et al., Respondent. (Proceeding No. 3.) [56 NYS3d 534]—Appeal by the mother from an order of fact-finding and disposition of the Family Court, Westchester County (Rachel Hahn, J.), entered February 23, 2016. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, determined that pursuant to Social Services Law § 384-b (4) (c) the mother was presently and for the foreseeable future unable to care for the subject children, terminated her parental rights, and transferred custody and guardianship of the children to the Commissioner of Social Services for Westchester County for the purpose of adoption.

Ordered that the appeal from so much of the order of fact-finding and disposition as pertains to the child Julia N.-R. is dismissed as academic, without costs or disbursements, as she has since reached the age of majority (*see Matter of Dequaisa M.A. [Tasha W.]*, 119 AD3d 859, 859 [2014]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The Westchester County Department of Social Services petitioned to terminate the mother's parental rights to the subject children. After a fact-finding hearing, the Family Court found that pursuant to Social Services Law § 384-b (4) (c) the mother was presently and for the foreseeable future unable to care for the children, terminated her parental rights, and transferred custody and guardianship of the children to the Commissioner of Social Services for Westchester County for the purpose of adoption.

Contrary to the mother's contentions, the Family Court's finding that pursuant to Social Services Law § 384-b (4) (c) she was presently and for the foreseeable future unable to provide adequate care for the children was supported by clear and convincing evidence (*see* Social Services Law § 384-b [4] [c]; [6] [b]; *Matter of Kaylee Y.B. [Beverly B.]*, 137 AD3d 901, 902 [2016]; *Matter of Diante B. [Kelly B.]*, 75 AD3d 599, 600 [2010]; *Matter of Mercedes W.R. [Ellen C.]*, 69 AD3d 638, 638 [2010]).

Moreover, the Family Court, upon finding that pursuant to Social Services Law § 384-b (4) (c) the mother was presently and for the foreseeable future unable to provide adequate care for the children, who have been in foster care since 2007, providently exercised its discretion in freeing them for adoption without conducting a dispositional hearing (*see Matter of Joyce T.*, 65 NY2d 39, 46 [1985]; *Matter of Dequaisa M.A. [Tasha W.]*, 119 AD3d at 859; *Matter of Joseph Lawrence S.*, 56 AD3d 785, 786 [2008]).

The mother's contentions regarding the report of the court-appointed expert psychologist are unpreserved for appellate review, as they were not raised before the Family Court (*see Matter of Kleevuort C. [Fredlyn V.]*, 84 AD3d 1371, 1371 [2011]) and, in any event, are without merit.

The mother's remaining contentions are without merit. Leventhal, J.P., Barros, Connolly and Brathwaite Nelson, JJ., concur.