Matter of Marthina S. J. Z. H.-B. R. (Calvin R.) (2021 NY Slip Op 05341)





Matter of Marthina S. J. Z. H.-B. R. (Calvin R.)


2021 NY Slip Op 05341


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-12565
2019-12566
 (Docket Nos. B-15380-13, B-15382-13)

[*1]In the Matter of Marthina S. J. Z. H.-B. R. (Anonymous), etc. Mercyfirst, petitioner-respondent; Calvin R. (Anonymous), et al., respondents-appellants. (Proceeding No. 1.)
In the Matter of Sha-Diamond C. S. H.-B. R. (Anonymous), etc. Mercyfirst, petitioner-respondent; Calvin R. (Anonymous), et al., respondents-appellants. (Proceeding No. 2.)


Helene Bernstein, Brooklyn, NY, for respondent-appellant Calvin R.
Mark W. Brandys, New York, NY, for respondent-appellant Zaneta H.-B.
Ira L. Eras, P.C., Brooklyn, NY, for petitioner-respondent.
Fredericka P. Bashir, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals, and the mother separately appeals, from two orders of fact-finding and disposition of the Family Court, Kings County (Keith Brown, J.) (one as to each child), both dated October 7, 2019. The orders of fact-finding and disposition, upon a decision of the same court (Robert Mulroy, J.) dated April 5, 2019, made after a fact-finding hearing, and after a dispositional hearing, found, inter alia, that both parents had permanently neglected the subject children, and that the mother was presently and for the foreseeable future unable, by reason of intellectual disability, to provide proper and adequate care for the subject children, terminated their parental rights, and transferred custody and guardianship of the subject children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the appeals from so much of the orders of fact-finding and disposition as terminated the appellants' parental rights and transferred custody and guardianship of the subject children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption are dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the orders of fact-finding and disposition are affirmed insofar as [*2]reviewed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the parental rights of the mother and the father (hereinafter together the appellants) on the ground of permanent neglect, and, with respect to the mother, on the ground that she was presently and for the foreseeable future unable to provide proper and adequate care for the subject children by reason of intellectual disability (see Social Services Law § 384-b[4][c], [d]). After fact-finding and dispositional hearings, the Family Court found, among other things, that the appellants had permanently neglected the children and that the mother's intellectual disability rendered her unable presently and for the foreseeable future to provide proper and adequate care for the children, and that the best interests of the children required that the appellants' parental rights be terminated and the children freed for adoption. These appeals ensued.
The appeals from so much of the orders of fact-finding and disposition as terminated the appellants' parental rights and transferred custody of the children for the purpose of adoption must be dismissed as academic, since the children have since reached the age of 18 (see Matter of Daria S.H.-A. [Yolanda H.], 154 AD3d 669, 669; Matter of Julia N.-R. [Maria R.], 151 AD3d 867, 867; Matter of Dequaisa M.A. [Tasha W.], 119 AD3d 859, 859). Nevertheless, the appellants' challenges to the Family Court's findings that they permanently neglected the children are not academic, since a finding of permanent neglect constitutes a permanent and significant stigma that might indirectly affect the appellants' status in future proceedings (see Matter of Latisha T'Keyah J. [Monie J.], 117 AD3d 1051, 1052; Matter of Shamika K.L.N. [Melvin S.L.], 101 AD3d 729, 730; Matter of Dariana K.C. [Katherine M.], 99 AD3d 899, 900). In addition, the finding that the mother's intellectual disability prevented her from properly and adequately caring for the children was in many ways intertwined with the determination of permanent neglect, "and was in and of itself stigmatizing to the mother" (Matter of Morphius I. [Blossom P.I.], 147 AD3d 948, 949). Consequently, review of the propriety of that finding, as well, is not academic (see id. at 949).
With respect to the determination that the appellants had permanently neglected the children, the petitioner met its initial burden of establishing by clear and convincing evidence that it exercised diligent efforts to encourage and strengthen the parental relationship by, among other things, scheduling regular visits between the appellants and the children, and providing the appellants with referrals for various services tailored to address the issues which brought upon the children's removal from the appellants in the first instance (see Social Services Law § 384-b[3][g]; [4][d]; [7][a]; Matter of Sheila G., 61 NY2d 368, 384-385; Matter of Imani L.J. [Shaunta J.], 166 AD3d 616, 617; Matter of Latisha T'Keyah J. [Monie J.], 117 AD3d at 1052). Moreover, the evidence adduced at the fact-finding hearing established, by the requisite clear and convincing standard of proof, that despite the petitioner's efforts, the appellants failed to plan for the children's future (see Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 731; Matter of Roberto M. [Jessica S.], 166 AD3d 777, 778; Matter of Angel M.R.J. [Rachel R.], 124 AD3d 657, 657-658). Accordingly, the Family Court correctly found that the appellants permanently neglected the children.
The petitioner also established by clear and convincing evidence that the mother was unable to properly and adequately care for the children, now and in the foreseeable future, by reason of intellectual disability, inter alia, through the testimony of a Mental Health Services clinical and forensic psychologist (see Matter of Morphius I. [Blossom P.I.], 147 AD3d at 949). The expert testimony established not only how the mother's intellectual and adaptive functioning deficits made it difficult for her to make appropriate parenting decisions in general, but also how these deficits affected her ability to specifically address the children's special needs, which included, for both children, attention deficit hyperactivity disorder and post-traumatic stress disorder that resulted from sexual abuse they had endured and violence they had witnessed (see Matter of Samantha R., 306 AD2d 487, 487-488; Matter of Dale T., 236 AD2d 744, 744).
The appellants' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., CONNOLLY, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court