Matter of Rhiannon D. (Dari L.) (2023 NY Slip Op 02123)

Matter of Rhiannon D. (Dari L.)

2023 NY Slip Op 02123

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2022-03470
2022-03471
2022-03472
 (Docket No. B-17862-19)

[*1]In the Matter of Rhiannon D. (Anonymous). Jewish Child Care Association, petitioner-respondent; Dari L. (Anonymous), appellant, et al., respondent.

Steven P. Forbes, Huntington, NY, for appellant.
Geoffrey P. Berman, Larchmont, NY, for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from (1) an order of fact-finding of the Family Court, Kings County (Jacqueline B. Deane, J.), dated February 7, 2022, (2) an amended order of fact-finding of the same court dated May 2, 2022, and (3) an order of disposition of the same court, also dated May 2, 2022. The order of fact-finding and the amended order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the mother permanently neglected the subject child. The order of disposition, upon the order of fact-finding and amended order of fact-finding and after a dispositional hearing, inter alia, terminated the mother's parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption.
ORDERED that the appeals from the order of fact-finding and amended order of fact-finding are dismissed, without costs or disbursements, as the order of fact-finding was superseded by the amended order of fact-finding, and the amended order of fact-finding was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as terminated the mother's parental rights and transferred guardianship and custody of the child to the petitioner for the purpose of adoption is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The subject child, who was born in 2004, has been in kinship foster care since 2016, when she was removed from her mother's home pursuant to Family Court Act § 1027, based upon [*2]medical neglect. In 2019, the petitioner commenced this proceeding, inter alia, to terminate the mother's parental rights. After a fact-finding hearing, the Family Court found, among other things, that the mother permanently neglected the child. After a dispositional hearing, the court, inter alia, terminated the mother's parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption. The mother appeals.
The appeal from so much of the order of disposition as terminated the mother's parental rights and transferred guardianship and custody of the child to the petitioner for the purpose of adoption must be dismissed as academic, as the child has since reached the age of 18 (see Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 953). Nevertheless, the mother's challenge to the Family Court's finding that she permanently neglected the child is not academic, since a finding of permanent neglect constitutes a permanent and significant stigma that might indirectly affect the mother's status in future proceedings (see Matter of Marthina S.J.Z.H.-B.R. [Calvin R.], 198 AD3d 655, 657).
"Generally, to establish that a parent has permanently neglected a child, an agency must establish, by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d 1078, 1079). The threshold inquiry in a proceeding to terminate parental rights on the ground of permanent neglect is whether the presentment agency demonstrated that it exerted diligent efforts to encourage and strengthen the parental relationship (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429; Matter of Gregory A.J. [Gregory J.], 170 AD3d 1017, 1018).
Based on all the testimony at the fact-finding hearing, the petitioner met its burden of establishing, by clear and convincing evidence, that, despite its diligent efforts to encourage and strengthen the parental relationship, the mother permanently neglected the child by failing substantially and continuously to maintain contact with the child or plan for the child's future although she was financially able to do so, and as she failed to comply with referrals and instead insisted that the child was wrongfully removed from her care. Accordingly, the Family Court properly found that the mother permanently neglected the child (see Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d at 1079).
The mother's remaining contentions are without merit.
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court