Matter of Alice Z. (Lin Z.) (2024 NY Slip Op 01720)

Matter of Alice Z. (Lin Z.)

2024 NY Slip Op 01720

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-04981
 (Docket No. B-1318-21)

[*1]In the Matter of Alice Z. (Anonymous). HeartShare St. Vincent's Services, petitioner-respondent; Lin Z. (Anonymous), etc., appellant, et al., respondent.

Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for appellant.
Geoffrey P. Berman, Larchmont, NY, for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated August 10, 2023. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that on the Court's own motion, the notice of appeal from a decision dated April 11, 2023, is deemed to be a premature notice of appeal from the order of fact-finding and disposition (see CPLR 5520[c]); and it is further,
ORDERED that the appeal from so much of the order of fact-finding and disposition as terminated the mother's parental rights and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
In 2021, the petitioner commenced this proceeding, inter alia, to terminate the mother's parental rights to the subject child. Following fact-finding and dispositional hearings, in an order of fact-finding and disposition dated August 10, 2023, the Family Court, among other things, found that the mother permanently neglected the child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York (hereinafter the Commissioner) for the purpose of adoption. The mother appeals.
The appeal from so much of the order of fact-finding and disposition as terminated the mother's parental rights and transferred guardianship and custody of the child to the petitioner [*2]and the Commissioner for the purpose of adoption must be dismissed as academic, as the child has reached the age of 18 (see Matter of Rhiannon D. [Dari L.], 215 AD3d 964, 965; Matter of Kolsuma B. [Nosira B.], 154 AD3d 842, 844). Nevertheless, the mother's challenge to the Family Court's finding that she permanently neglected the child is not academic, since a finding of permanent neglect constitutes a permanent and significant stigma that might indirectly affect the mother's status in future proceedings (see Matter of Rhiannon D. [Dari L.], 215 AD3d at 965; Matter of Marthina S.J.Z.H.-B.R. [Calvin R.], 198 AD3d 655, 657).
"Generally, to establish that a parent has permanently neglected a child, an agency must establish, by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 731; see Social Services Law § 384-b[3][g][i]; [4][d]; [7][a]).
Here, the petitioner established by clear and convincing evidence that, despite its diligent efforts to encourage and strengthen the parental relationship between the mother and the child, the mother failed to adequately plan for the child's future (see Social Services Law § 384-b[7][a]; Matter of Jayson C. [Kimberly C.], 219 AD3d 949, 952). The evidence at the fact-finding hearing demonstrated that the mother failed to gain insight into the problems that caused the child's removal and were preventing the child's return to her care (see Matter of Nathaniel T., 67 NY2d 838, 840-842; Matter of Scott I.R. [Jennifer M.I.], 180 AD3d 686, 687; Matter of Tynell S., 43 AD3d 1171, 1173).
Accordingly, the Family Court properly found that the mother permanently neglected the child.
IANNACCI, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court