Matter of Farah B. P. (Dana Z. P.) (2024 NY Slip Op 02055)

Matter of Farah B. P. (Dana Z. P.)

2024 NY Slip Op 02055

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-07987
2022-07989
2022-07990
 (Docket Nos. B-20123-16, B-17856-18, B-17857-18)

[*1]In the Matter of Farah B. P. (Anonymous). New York Foundling Hospital, petitioner-respondent; Dana Z. P. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Nicholas A. S. K. P. (Anonymous). New York Foundling Hospital, petitioner-respondent; Dana Z. P. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Rivka A. P. (Anonymous). New York Foundling Hospital, petitioner-respondent; Dana Z. P. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)

Lauri Gennusa, Laurelton, NY, for appellant.
Geoffrey P. Berman, Larchmont, NY, for petitioner-respondent.
Terrence J. Worms, Flushing, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from three orders of fact-finding and disposition of the Family Court, Queens County (Connie Gonzalez, J.) (one as to each child), all dated September 8, 2022. The orders of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children to the petitioner and the New York City Administration for Children's Services for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings, one as to each of the three subject children, who were each placed in the same foster home within days of their births, inter alia, alleging that the mother permanently neglected the children and seeking to terminate the mother's parental rights so as to free the children for adoption. After fact-finding and dispositional hearings, at which the mother represented herself, the Family Court found that the mother permanently [*2]neglected the children, terminated her parental rights, and transferred guardianship and custody of the children to the petitioner and the New York City Administration for Children's Services for the purpose of adoption. The mother appeals.
A respondent in a proceeding pursuant to Social Services Law § 384-b has the right to the assistance of counsel (see Family Ct Act § 262[a][iv]; Matter of Neferteir A.R. [Jesse R.R.], 221 AD3d 605, 606). "A respondent may waive that right and proceed without counsel provided he or she makes a knowing, voluntary, and intelligent waiver of the right to counsel" (Matter of Alivia F. [John F.], 167 AD3d 880, 881). "In determining whether a respondent's waiver is made knowingly, voluntarily, and intelligently, the trial court is obligated to conduct a searching inquiry" (id. [internal quotation marks omitted]; see Matter of Kathleen K. [Steven K.], 17 NY3d 380, 385). "The court must advise the respondent and must be sure that the 'dangers and disadvantages of giving up the fundamental right to counsel have been impressed' upon him or her" (Matter of Alivia F. [John F.], 167 AD3d at 881, quoting Matter of Kathleen K. [Steven K.], 17 NY3d at 386 [internal quotation marks omitted]).
Here, after the mother asked that her counsel be relieved and that she be permitted to represent herself, and after receiving the results of a mental health evaluation determining that the mother was competent to understand these proceedings and waive counsel, the Family Court adequately explained the importance of having a lawyer and the dangers and disadvantages of proceeding without one. The mother acknowledged that she understood the right she was waiving and expressed that she wished to proceed without counsel. Accordingly, the record demonstrates that the court conducted a sufficiently searching inquiry to ensure that the mother's waiver of her right to counsel was knowingly, voluntarily, and intelligently made (see Matter of Cecile D. [Kassia D.], 189 AD3d 1036, 1037-1038; Matter of Saunders v Scott, 172 AD3d 724, 725).
"Generally, to establish that a parent has permanently neglected a child, an agency must establish, by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d 1078, 1079; see Matter of Rhiannon D. [Dari L.], 215 AD3d 964, 965).
Here, the petitioner met its initial burden of establishing by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the mother and the children by, inter alia, referring the mother to appropriate services and scheduling parental access with the children (see Matter of Skylah R. [Heather S.], 211 AD3d 1027, 1028). The petitioner also demonstrated, by clear and convincing evidence, that despite these efforts, the mother failed substantially and continuously to maintain contact with the children or plan for their future (see Matter of Rhiannon D. [Dari L.], 215 AD3d at 965).
Finally, the evidence at the dispositional hearing demonstrated that terminating the mother's parental rights and freeing the children for adoption was in their best interests (see Matter of Skylah R. [Heather S.], 211 AD3d at 1029).
The mother's remaining contentions are without merit.
BARROS, J.P., IANNACCI, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court