Matter of Dave R. (Rajesh R.) (2026 NY Slip Op 01519)

Matter of Dave R. (Rajesh R.)

2026 NY Slip Op 01519

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2024-04259 
2024-04396
2024-04397
2024-04399
 (Docket Nos. B-14917-23, B-14918-23, B-14919-23, B-14920-23)

[*1]In the Matter of Dave R. (Anonymous). Little Flower Children and Family Services, petitioner-respondent; Rajesh R. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Shagun R. (Anonymous). Little Flower Children and Family Services, petitioner-respondent; Rajesh R. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Vanamsha R. (Anonymous). Little Flower Children and Family Services, petitioner-respondent; Rajesh R. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)
In the Matter of Sia R. (Anonymous). Little Flower Children and Family Services, petitioner-respondent; Rajesh R. (Anonymous), appellant, et al., respondent. (Proceeding No. 4)

Robert E. Silverberg, Forest Hills, NY, for appellant.
Leventhal Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Andrew T. Ford of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from four orders of disposition, adjudication, findings of fact, and conclusions of law (one as to each child) of the Family Court, Queens County (Emily Ruben, J.), all dated May 16, 2024. The orders [*2]of disposition, adjudication, findings of fact, and conclusions of law, upon so much of an order of the same court dated January 16, 2024, as granted the petitioner's motion for summary judgment on the issue of whether the father severely abused the subject children, and after a dispositional hearing, terminated the father's parental rights as to all four children and transferred custody and guardianship of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the appeal from so much of the order of disposition, adjudication, findings of fact, and conclusions of law relating to the child Shagun R. as terminated the father's parental rights and transferred guardianship and custody of that child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition, adjudication, findings of fact, and conclusions of law relating to the child Shagun R. is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the orders of disposition, adjudication, findings of fact, and conclusions of law relating to the children Dave R., Vanamsha R., and Sia R. are affirmed, without costs or disbursements.
In 2017, petitions were filed pursuant to Family Court Act article 10, alleging, inter alia, that the father derivatively severely abused the children Shagun R., Dave R., Vanamsha R., and Sia R. In an order dated July 31, 2023, after a fact-finding hearing, the Family Court found, by clear and convincing evidence, among other things, that the father derivatively severely abused the children. In an order dated September 28, 2023, the court granted the Administration for Children's Services' motion pursuant to Family Court Act § 1039-b for a finding, inter alia, that reasonable efforts to reunite the father with the children were no longer required.
On the father's prior appeal, this Court affirmed the findings that the father derivatively severely abused the children within the meaning of Social Services Law § 384-b(8)(a)(i) and that reasonable efforts to reunite the father with the children were no longer required (see Matter of Shagun R. [Rajesh R.], 235 AD3d 766).
In 2023, while the prior appeal was pending, the agency commenced these related proceedings pursuant to Social Services Law § 384-b to terminate the father's parental rights to the children. Thereafter, Little Flower Children and Family Services (hereinafter the agency) moved for summary judgment on the issue of whether the father severely abused the children. In an order dated January 16, 2024, the Family Court, among other things, granted the agency's motion for summary judgment. In four orders of disposition, adjudication, findings of fact, and conclusions of law, all dated May 16, 2024, made after a dispositional hearing, the court terminated the father's parental rights and transferred custody and guardianship of the children to the agency and the Commissioner of Social Services of the City of New York for the purpose of adoption. The father appeals.
The appeal from so much of the order of disposition, adjudication, findings of fact, and conclusions of law relating to Shagun R. as terminated the father's parental rights and transferred guardianship and custody of that child to the agency and the Commissioner of Social Services of the City of New York for the purpose of adoption must be dismissed as academic, as that child has since reached the age of 18 (see Matter of Phoenix E. P.-W. [Felicita P.], 225 AD3d 875, 876; Matter of Rhiannon D. [Dari L.], 215 AD3d 964, 965). Nevertheless, the father's challenge to the Family Court's finding that he severely abused Shagun R. is not academic, as a finding of severe abuse constitutes a permanent and significant stigma that might indirectly affect the father's status in future proceedings (see Matter of Phoenix E. P.-W. [Felicita P.], 225 AD3d at 876; Matter of Marthina S.J.Z.H.-B.R. [Calvin R.], 198 AD3d 655, 657).
The Family Court properly granted the agency's motion for summary judgment on [*3]the issue of whether the father severely abused the children (see Matter of Karmer A.E. [Carlos A.E.], 158 AD3d 627, 627; Matter of Riley C.P.[Tyrone P.], 157 AD3d 957, 959). A finding by clear and convincing evidence in a Family Court Act article 10 proceeding that a parent severely abused a child within the meaning of Social Services Law § 384-b(8)(a)(i) establishes that the child was severely abused in a proceeding to terminate the parent's parental rights under Social Services Law § 384-b (see Matter of Karmer A.E. [Carlos A.E.], 158 AD3d at 627; Matter of Riley C.P. [Tyrone P.], 157 AD3d at 959).
Furthermore, based upon the evidence adduced at the dispositional hearing, the Family Court properly determined that the best interests of Dave R., Vanamsha R., and Sia R. would be served by terminating the father's parental rights and freeing them for adoption (see Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d 913, 914). Contrary to the father's contention, a suspended judgment would not be in these children's best interests, as such a disposition would "only prolong the delay of stability and permanenc[y]" in the children's lives (Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 732).
CONNOLLY, J.P., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court