Matter of Scott I. R. (Jennifer M. I.) (2020 NY Slip Op 00865)





Matter of Scott I. R. (Jennifer M. I.)


2020 NY Slip Op 00865


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-12563
 (Docket No. B-17954-14)

[*1]In the Matter of Scott I. R. (Anonymous). HeartShare St. Vincent's Services, respondent; Jennifer M. I. (Anonymous), appellant.


Heath J. Goldstein, Jamaica, NY, for appellant.
Wingate Kearney & Cullen, LLP, Brooklyn, NY (Christine McGuire of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne Mitchell and Riti P. Singh of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Mildred T. Negron), dated September 10, 2018. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
In September 2014, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject child on the ground of, among other things, permanent neglect. After fact-finding and dispositional hearings in 2018, the Family Court determined, inter alia, that the mother permanently neglected the child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
Generally, to establish that a parent has permanently neglected a child, an agency must establish, by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b[4], [7][a]). The threshold inquiry in a proceeding to terminate parental rights is whether the presentment agency demonstrated that it exerted diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]; [*2]Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429; Matter of Sheila G., 61 NY2d 368, 371). Here, the petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the mother's relationship with the child. These efforts included, inter alia, providing the mother with referrals for domestic violence counseling, parenting classes, individual therapy, and housing services, discussing with the mother the importance of her compliance with the service plan, monitoring the mother's progress in the programs, and scheduling and supervising parental access with the child. Despite these efforts, the mother failed to plan for the return of the child, as she failed to gain insight into the issues that caused the child's removal and were preventing the child's return to her care (see Matter of Nathaniel T., 67 NY2d 838, 840; Matter of Zechariah J. [Valrick J.], 84 AD3d 1087, 1088). Accordingly, we agree with the Family Court's determination that the mother permanently neglected the child (see Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700; Matter of Hector V.P. [Mariana V.], 146 AD3d 889, 890; Matter of Omarie S.B. [Evan J.], 137 AD3d 902, 903).
We also agree with the Family Court's determination that it was in the child's best interests to terminate the mother's parental rights, rather than to enter a suspended judgment, and to free the child for adoption (see Family Ct Act § 631; Matter of Tymel P. [Tyrone P.], 157 AD3d at 700; Matter of Xiomara D. [Faith D.], 141 AD3d 585, 585; Matter of Nay'amya W.R. [Kiara D.], 135 AD3d 770, 771).
SCHEINKMAN, P.J., MASTRO, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court