Matter of Abbygail H. M. G. (Eddie G.) (2022 NY Slip Op 03241)

Matter of Abbygail H. M. G. (Eddie G.)

2022 NY Slip Op 03241

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2021-02955
 (Docket No. B-726-20)

[*1]In the Matter of Abbygail H. M. G. (Anonymous). Orange County Department of Social Services, respondent; Eddie G. (Anonymous), appellant.

Paul N. Weber, Cornwall, NY, for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Linda P. DaSilva of counsel), for respondent.
Mark Specthrie, Middletown, NY, attorney for the child.
Stage Law Firm, LLP, Warwick, NY (Christine F. Stage of counsel), attorney for the foster parent.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b and Family Court Act article 6, the father appeals from an order of fact-finding and disposition of the Family Court, Orange County (Lori Currier Woods, J.), dated April 7, 2021. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the father permanently neglected the subject child, terminated the father's parental rights, and transferred custody and guardianship of the child to the petitioner for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b and Family Court Act article 6, inter alia, to terminate the parental rights of the father with respect to the subject child. Following fact-finding and dispositional hearings, the Family Court found that the father permanently neglected the child, terminated the father's parental rights, and transferred custody and guardianship of the child to the petitioner for the purpose of adoption. The father appeals.
The Family Court properly found, in effect, that the petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the father's parental relationship with the child (see Social Services Law § 384-b[3][g][i]; [7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429; Matter of Samatha B. [Cynthia J.], 159 AD3d 1006, 1007). These efforts included enrolling the father in parenting skills classes, monitoring his compliance with various court-ordered services, and attempting to assist him with obtaining adequate housing (see Matter of Quadir C.B. [Emmanuel D.], 166 AD3d 968, 969; Matter of Anthony D. [Yonas S.], 159 AD3d 818, 818). The court also properly found that despite these efforts, although [*2]the father completed a parenting skills class, he failed to adequately plan for the child's future, including by failing to take steps to acquire appropriate housing (see Social Services Law § 384-b[7][a]; Matter of Anthony D. [Yonas S.], 159 AD3d at 818; Matter of Beyonce H. [Baranaca H.], 85 AD3d 1168, 1169). To the extent the father was in partial compliance with the court-ordered programs, it was insufficient to preclude a finding of permanent neglect (see Matter of Elizabeth E.H. [Camille M.M.], 196 AD3d 578, 580; Matter of Joshua E.R. [Yolaine R.], 123 AD3d 723, 726).
The Family Court did not err in terminating the father's parental rights. The evidence adduced at the dispositional hearing established that termination of the father's parental rights was in the child's best interests (see Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 731; Matter of Jonathan B. [Linda S.], 84 AD3d 1078, 1080). Contrary to the father's contention, a suspended judgment would not be in the best interests of the child, as such a disposition would "only prolong the delay of stability and permanenc[y]" in the child's life (Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d at 732; see Matter of Anthony R. [Juliann A.], 90 AD3d 1055, 1056-1057). Further, the record supports the court's determination that the best interests of the child would be served by freeing her for adoption by her foster mother, with whom the child has bonded and resided over a prolonged period of time (see Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d at 732; Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700).
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court