Matter of Damaris E. A. (Johanna A. M.) (2023 NY Slip Op 03346)

Matter of Damaris E. A. (Johanna A. M.)

2023 NY Slip Op 03346

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
JANICE A. TAYLOR, JJ.

2022-00184 
2022-00185
2022-00187
2022-00189
 (Docket Nos. B-5506-19, B-5507-19, B-5508-19, B-5509-19, A-2207-21, A-2208-21)

[*1]In the Matter of Damaris E. A. (Anonymous). Good Shepherd Services, petitioner-respondent; Johanna A. M., appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Joshua M. M. (Anonymous). Good Shepherd Services, petitioner-respondent; Johanna A. M., appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Samantha M. A. (Anonymous). Good Shepherd Services, petitioner-respondent; Johanna A. M., appellant, et al., respondent. (Proceeding No. 3.)
In the Matter of Sara C. N. (Anonymous). Good Shepherd Services, petitioner-respondent; Johanna A. M., appellant, et al., respondent. (Proceeding No. 4.)

Tennille M. Tatum-Evans, New York, NY, for appellant.
Geoffrey P. Berman, Larchmont, NY, for petitioner-respondent.
Twlya Carter, New York, NY (Dawne A. Mitchell, Riti P. Singh, and William Nicholas of counsel), attorney for the children.

DECISION & ORDER
In related proceedings, inter alia, pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from four orders of fact-finding and disposition of the Family Court, Queens County (Joan L. Piccirillo, J.) (one as to each child), all dated January 5, 2022. The orders of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.
In 2019, the petitioner commenced these proceedings to terminate the mother's parental rights to the four subject children. Following fact-finding and dispositional hearings, the Family Court, among other things, found that the mother had permanently neglected the children, terminated her parental rights, and transferred custody and guardianship of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
Contrary to the mother's contention, the petitioner established by clear and convincing evidence that she permanently neglected the children (see Social Services Law § 384-b[7][a]), despite the petitioner's diligent efforts to strengthen the parent-child relationships. Those efforts included developing an appropriate service plan that included a parenting skills course, a batterer's accountability program, a domestic violence program, anger management classes, mental health services, and substance abuse treatment. Despite those efforts, the mother failed to plan for the return of the children, as she did not complete all of the required services and failed to gain any insight from those she did complete (see Matter of Ricardo T., Jr. [Ricardo T., Sr.], 191 AD3d 890). Accordingly, the Family Court properly determined that the mother permanently neglected the children (see id.).
The evidence adduced at the dispositional hearing established that termination of the mother's parental rights was in the children's best interests (see Matter of Malazah W. [Antoinette W.], 206 AD3d 1003, 1005). Contrary to the mother's contention, a suspended judgment was not appropriate in light of her failure to consistently visit with the children (see Matter of Quadir C.B. [Emmanuel D.], 166 AD3d 968, 969), and her failure to consistently attend therapy addressing the issues that led to the children's removal in the first place (see Matter of Gabriel M.I. [Steven M.I.], 160 AD3d 858, 859; Matter of Mahaadai D.H. [Rhonda L.H.], 110 AD3d 878, 879). In addition, the mother failed to benefit from those portions of the service plan that she had completed, as evidenced during her supervised visits (see Matter of Jayda M.L. [Diane L.], 182 AD3d 601, 602).
The mother's remaining contentions are without merit.
LASALLE, P.J., CONNOLLY, CHAMBERS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court