Matter of King D. C. (Dwayne C.) (2023 NY Slip Op 06363)

Matter of King D. C. (Dwayne C.)

2023 NY Slip Op 06363

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-07557
 (Docket Nos. B-3901-20, B-3202-20)

[*1]In the Matter of King D. C. (Anonymous). Suffolk County Department of Social Services, respondent; Dwayne C. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Princedeven Y. R. (Anonymous). Suffolk County Department of Social Services, respondent; Dwayne C. (Anonymous), appellant. (Proceeding No. 2.)

Thomas J. Butler, Melville, NY, for appellant.
Dennis M. Brown, Acting County Attorney, Central Islip, NY (Jessica A. Cicale of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from an order of disposition of the Family Court, Suffolk County (Matthew G. Hughes, J.), dated June 30, 2022. The order of disposition, upon an order of fact-finding of the same court dated December 21, 2021, entered upon the father's failure to appear at a fact-finding hearing, finding that the father permanently neglected the subject children, and after a dispositional hearing, terminated the father's parental rights and transferred guardianship and custody of the subject children to the petitioner for the purpose of adoption.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Social Services Law § 384-b to terminate the father's parental rights to the subject children on the ground of permanent neglect. In an order of fact-finding dated December 21, 2021, entered upon the father's failure to appear at a fact-finding hearing, the Family Court found, inter alia, that the father had permanently neglected the children. Subsequently, in an order of disposition dated June 30, 2022, made after a dispositional hearing at which the father appeared, the court terminated the father's parental rights and transferred guardianship and custody of the children to the petitioner for the purpose of adoption. The father appeals from the order of disposition.
First, although generally an appeal from an order of disposition brings up for review [*2]an order of fact-finding (see CPLR 5501[a][1]), here, the father is foreclosed from raising issues related to the fact-finding phase of the proceeding, since a party cannot appeal from an order entered upon default (see id. § 5511; Matter of Joseph Kenneth B., 47 AD3d 809, 809; Matter of Chavi S., 269 AD2d 454, 454; see also Matter of Corey MM. [Cassandara LL], 177 AD3d 1119, 1120; Matter of Adele T. [Kassandra T.], 143 AD3d 1202, 1203). However, since the father appeared at the dispositional hearing, this Court may review the issue of whether the Family Court properly terminated his parental rights and freed the children for adoption (see Matter of Serenity C. W. [Antoinette W.], 158 AD3d 716, 717).
Here, the evidence adduced at the dispositional hearing supported the Family Court's determination that it was in the best interests of the children to terminate the father's parental rights and free the children for adoption (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147; Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d 913, 914). Giving due deference to the court's credibility findings (see Matter of Jason A. [Maritza L.G.], 177 AD3d 968, 969), the father lacked insight into his problems and failed to address the issues that led to the children's removal and the finding of permanent neglect, and a suspended judgment would serve only to prolong the delay of stability and permanence in the children's lives (see Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d at 914-915; Matter of Adam M.D. [Victoria M.C.], 170 AD3d 1006, 1007).
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court