Matter of Phoenix E.P.-W. (Felicita P.) (2024 NY Slip Op 01714)

Matter of Phoenix E.P.-W. (Felicita P.)

2024 NY Slip Op 01714

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-10169
2022-10170
 (Docket Nos. B-25729-18, B-25730-18)

[*1]In the Matter of Phoenix E. P.-W. (Anonymous). New Alternatives For Children, Inc., petitioner-respondent; Felicita P. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Nevaeha-Milagros P.-W. (Anonymous). New Alternatives For Children, Inc., petitioner-respondent; Felicita P. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 2)

Yasmin Daley Duncan, Brooklyn, NY, for respondent-appellant.
Dawn M. Shammas, New York, NY, for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Andrew Ford of counsel), attorney for the children.

DECISION & ORDER
In related proceedings, inter alia, pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of permanent neglect, the mother appeals from two orders of fact-finding and disposition of the Family Court, Kings County (Melody Glover, J.) (one as to each child), both dated November 7, 2022. The orders of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the appeal from so much of the order of fact-finding and disposition relating to the child Nevaeha-Milagros P.-W as terminated the mother's parental rights and transferred guardianship and custody of that child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition relating to the child Nevaeha-Milagros P.-W is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition relating to the child Phoenix E. P.-W is affirmed insofar as appealed from, without costs or disbursements.
The petitioner, New Alternatives for Children, Inc. (hereinafter the agency), commenced these proceedings, inter alia, to terminate the mother's parental rights as to the subject children. Following fact-finding and dispositional hearings, the Family Court found that the mother had permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the children to the agency and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
The appeal from so much of the order of fact-finding and disposition relating to the child Nevaeha-Milagros P.-W as terminated the mother's parental rights and transferred guardianship and custody of that child to the agency and the Commissioner of Social Services of the City of New York for the purpose of adoption must be dismissed as academic, as that child has since reached the age of 18 (see Matter of Rhiannon D. [Dari L.], 215 AD3d 964, 965; Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 953). "Nevertheless, the [mother's] challenge[ ] to the Family Court's finding[ ] that [she] permanently neglected the child[ ] [is] not academic, since a finding of permanent neglect constitutes a permanent and significant stigma that might indirectly affect the mother's status in future proceedings" (Matter of Marthina S.J.Z.H.-B.R. [Calvin R.], 198 AD3d 655, 657; see Matter of Rhiannon D. [Dari L.], 215 AD3d at 965).
"When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733 [internal quotation marks omitted]; see Matter of Sheila G., 61 NY2d 368, 373). Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving "by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so" (Matter of Daniel J.L. [Sayid L.], 213 AD3d 939, 940; see Social Services Law § 384-b[7][a]). "A parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Shimon G. [Batsheva G.], 206 AD3d at 733).
Here, the agency met its burden of establishing that the mother permanently neglected the subject children. The agency demonstrated, by clear and convincing evidence, that it made diligent efforts to strengthen the mother's relationship with the children by formulating a service plan that served the needs of the mother, providing referrals to programs for the mother, explaining the importance of compliance with the mother's service plan, making attempts to visit the mother's home, and facilitating visitation between the mother and the children. Moreover, the record shows that the mother failed to plan for the children's futures, despite the agency's diligent efforts, as she only partially complied with her service plan (see Matter of Damaris E.A. [Johanna A.M.], 217 AD3d 860, 861; Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d at 954). Accordingly, the Family Court properly determined that the mother permanently neglected the children.
The evidence adduced at the dispositional hearing established that termination of the mother's parental rights was in the best interests of the child Phoenix E. P.-W (see Matter of Abygail H.M.G. [Eddie G.], 205 AD3d 913, 914; Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 731). Contrary to the mother's contention, a suspended judgment would not be in Phoenix's best interests, as such a disposition would "only prolong the delay of stability and permanenc[y]" in the child's life (Matter of Elizabeth M.G.C. [Maria L.G.C], 190 AD3d at 732; see Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d at 914-915). Further, the record supports the Family Court's determination that Phoenix's best interests would be served by freeing her for adoption by her foster mother with whom the child has bonded and resided over a prolonged period of time (see Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d at 915; Matter of Elizabeth M.G.C. [Maria L.G.C], 190 AD3d at 732).
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court