Matter of Dynasty S.G. (Paula G.) (2024 NY Slip Op 03045)

Matter of Dynasty S.G. (Paula G.)

2024 NY Slip Op 03045

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-06539
 (Docket No. B-8411-20)

[*1]In the Matter of Dynasty S.G. (Anonymous), etc. New York Foundling Hospital, respondent; Paula G. (Anonymous), appellant.

Richard Cardinale, Brooklyn, NY, for appellant.
Geoffrey P. Berman, Larchmont, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Claire V. Merkine, and Briana Fedele of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Joan L. Piccirillo, J.), dated June 6, 2023. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother permanently neglected the child, terminated the mother's parental rights, and transferred custody and guardianship of the subject child to the petitioner and the New York City Administration for Children's Services for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject child on the ground of permanent neglect. Following a fact-finding hearing, at which the mother testified, and a dispositional hearing, in an order of fact-finding and disposition dated June 6, 2023, the Family Court found that the mother had permanently neglected the child, terminated the mother's parental rights, and transferred custody and guardianship of the child to the petitioner and the New York City Administration for Children's Services for the purpose of adoption. The mother appeals.
"In a proceeding to terminate parental rights because of permanent neglect, the agency must demonstrate by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d 679, 680 [internal quotation marks omitted]; see Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 960). "Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so" (Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 680; see Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 961). "A parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733; see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 681).
Here, the petitioner met its burden of establishing that the mother had permanently neglected the child. Contrary to the mother's contention, the petitioner demonstrated, by clear and convincing evidence, that it made diligent efforts to strengthen the parent-child relationship by forming a service plan that served the needs of the mother, scheduling parental access, and providing referrals to programs for the mother (see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 681; Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 961). The record shows that, despite the petitioner's diligent efforts, the mother failed to maintain contact with the petitioner and failed to plan for the child's future, as she only partially complied with her service plan (see Matter of Phoenix E.P.-W. [Felicita P.], 225 AD3d 875, 877; Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 681). Accordingly, the Family Court properly found that the mother permanently neglected the child.
The evidence adduced at the dispositional hearing established that termination of the mother's parental rights was in the best interests of the child (see Matter of Phoenix E.P.-W. [Felicita P.], 225 AD3d at 877; Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d 913, 914). Contrary to the mother's contention, a suspended judgment would not be in the child's best interests, as such a disposition would "only prolong the delay of stability and permanenc[y]" in the child's life (Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 732; see Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d at 914-915). Further, the record supports the Family Court's determination that the child's best interests would be served by freeing her for adoption by her foster mother and aunt, with whom the child has bonded and resided over a prolonged period of time (see Matter of Phoenix E.P.-W. [Felicita P.], 225 AD3d at 877; Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d at 915).
The mother's remaining contention is without merit.
DUFFY, J.P., WOOTEN, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court