Matter of Ryder S. R. (Shaquana R.) (2025 NY Slip Op 01813)

Matter of Ryder S. R. (Shaquana R.)

2025 NY Slip Op 01813

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-04447
 (Docket No. B-6478-21)

[*1]In the Matter of Ryder S. R. (Anonymous). Children's Aid, respondent; Shaquana R. (Anonymous), appellant.

Tammi D. Pere, Jamaica, NY, for appellant.
Rosin Steinhagen Mendel, PLLC, New York, NY (Douglas H. Reiniger of counsel), for respondent.
Todd D. Kadish, Great Neck, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Emily Ruben, J.), dated April 3, 2023. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred custody and guardianship of the subject child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner, Children's Aid (hereinafter the Agency), commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject child on the ground of permanent neglect. Following a fact-finding hearing, the Family Court found that the mother permanently neglected the child. Following a dispositional hearing, the court terminated the mother's parental rights and transferred custody and guardianship of the child to the Agency and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother appeals.
"In a proceeding to terminate parental rights because of permanent neglect, the agency must demonstrate by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Dynasty S.G. [Paula G.], 228 AD3d 657, 658 [internal quotation marks omitted]; see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d 679, 680). Once an agency demonstrates that it made diligent efforts to encourage and strengthen the parental relationship, the agency bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so (see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 681; Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 961). "A parent [*2]who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733; see Matter of Phoenix E.P.-W. [Felicita P.], 225 AD3d 875, 876; Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 954).
Here, the Agency met its burden of establishing that the mother permanently neglected the child. Contrary to the mother's contention, the Agency demonstrated, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the parent-child relationship by forming a service plan that served the needs of the mother, attempting to schedule parental access, and providing referrals to programs for the mother. The record shows that despite the Agency's diligent efforts, the mother failed to plan for the child's future, as she failed to maintain contact with the Agency or the child during several periods of time, only completed one of several required programs, and did not consistently attend parental access sessions with the child (see Social Services Law § 384-b[7][a]; Matter of Jack T. [Carmen H.], 234 AD3d 782, 783; Matter of Dynasty S.G. [Paula G.], 228 AD3d at 659; Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d 913, 914).
The mother's remaining contentions are without merit.
Accordingly, the Family Court properly terminated the mother's parental rights on the ground of permanent neglect and transferred custody and guardianship of the subject child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court