Matter of Christian M. L. (Christopher M. L.) (2025 NY Slip Op 02781)

Matter of Christian M. L. (Christopher M. L.)

2025 NY Slip Op 02781

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
PHILLIP HOM, JJ.

2024-03485
2024-03489
2024-03490
2024-03492
 (Docket Nos. B-6386-21, B-6389-21, B-6390-21, B-6392-21)

[*1]In the Matter of Christian M. L. (Anonymous), etc. MercyFirst, respondent; Christopher M. L. (Anonymous), etc., et al., appellants. (Proceeding No. 1.)
In the Matter of Candyace A. L. (Anonymous), etc. MercyFirst, respondent; Christopher M. L. (Anonymous), etc., et al., appellants. (Proceeding No. 2.)
In the Matter of Londyn M. L. (Anonymous), etc. MercyFirst, respondent; Christopher M. L. (Anonymous), etc., et al., appellants. (Proceeding No. 3.)
In the Matter of Talith C. L. (Anonymous), etc. MercyFirst, respondent; Christopher M. L. (Anonymous), etc., et al., appellants. (Proceeding No. 4)

 Steven N. Feinman, White Plains, NY, for appellant Christopher M. L.
 Peter Wilner, New York, NY, for appellant Kimberly N. H.
 Law Office of Ira L. Eras, P.C., Brooklyn, NY, for respondent.

Twyla Carter, New York, NY (John A. Newbery of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals, and the father separately appeals, from four orders of fact-finding and disposition of the Family Court, Queens County (Connie Gonzalez, J.) (one as to each child), all dated April 30, 2024. The orders of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother and the father permanently neglected the subject children, terminated their parental rights, and transferred custody and guardianship of the subject children to the petitioner and the [*2]Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
The petitioner, MercyFirst (hereinafter the agency), commenced these proceedings to terminate the parental rights of the mother and the father to the subject children on the ground of permanent neglect. Following fact-finding and dispositional hearings, the Family Court found that the mother and the father permanently neglected the children, terminated their parental rights, and transferred custody and guardianship of the children to the agency and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother and the father separately appeal.
"When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733 [internal quotation marks omitted]; see Matter of Naijah-S.G.B. [Thomas X.B.], 230 AD3d 1314, 1314). "Those efforts must include counseling, making suitable arrangements for parental access, providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development" (Matter of Christopher C. [Sonia C.], 235 AD3d 865, 856 [alteration and internal quotation marks omitted]; see Matter of Shimon G. [Batsheva G.], 206 AD3d at 733). Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving "by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so" (Matter of Daniel J.L. [Sayid L.], 213 AD3d 939, 940; see Social Services Law § 384-b[7][a]). "A parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Shimon G. [Batsheva G.], 206 AD3d at 733).
Here, the agency met its burden of establishing that the mother and the father permanently neglected the children. The agency demonstrated, by clear and convincing evidence, that it made diligent efforts to strengthen each parent's relationship with the children by formulating a service plan that served each parent's needs, providing referrals to programs, explaining the importance of compliance with the service plan, and facilitating parental access between the parents and the children. Moreover, the record shows that the parents failed to plan for the children's futures, despite the agency's diligent efforts, as they only partially complied with their service plans (see Matter of Damaris E.A. [Johanna A.M.], 217 AD3d 860, 861; Matter of Shimon G. [Batsheva G.], 206 AD3d at 734). Accordingly, the Family Court properly found that the parents permanently neglected the children.
The evidence adduced at the dispositional hearing established that termination of the parental rights of the mother and the father was in the best interests of the children (see Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d 913, 914; Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 731). Contrary to the mother's contention, a suspended judgment would not be in the children's best interests, as such a disposition would "only prolong the delay of stability and permanenc[y]" in the children's lives (Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d at 732; see Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d at 914-915). Further, the record supports the Family Court's determination that the children's best interests would be served by freeing them for adoption by their respective foster parents, with whom each child has bonded and resided with over a prolonged period of time (see Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d at 915; Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d at 732).
DILLON, J.P., WOOTEN, FORD and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court