Matter of Ahking-Tyheem C. J. (Letitia M. E.) (2025 NY Slip Op 02778)

Matter of Ahking-Tyheem C. J. (Letitia M. E.)

2025 NY Slip Op 02778

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2024-03329
 (Docket No. B-16122-21)

[*1]In the Matter of Ahking-Tyheem C. J. (Anonymous), etc. Mercy First, respondent; Letitia M. E. (Anonymous), etc., et al., appellants.

Yasmin Daley Duncan, Brooklyn, NY, for appellant Letitia M. E.
Heath J. Goldstein, Jamaica, NY, for appellant Tieheim C. J.
Law Office of Ira L. Eras, P.C., Brooklyn, NY, for respondent.
Todd D. Kadish, Great Neck, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother and the father separately appeal from an order of fact-finding and disposition of the Family Court, Kings County (Robert D. Hettleman, J.), dated March 26, 2024. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother and the father permanently neglected the subject child, terminated their parental rights, and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the appeal by the mother from so much of the order of fact-finding and disposition as found that the mother permanently neglected the subject child is dismissed, without costs or disbursements, as no appeal lies from that portion of the order which was entered on the mother's default (see Matter of Serenity C.W. [Antoinette W.], 158 AD3d 716, 717); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner, Mercy First (hereinafter the agency), commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the parental rights of the mother and the father on the ground of permanent neglect. Following a fact-finding hearing, at which the father testified, and a dispositional hearing, at which both the mother and the father testified, the Family Court determined, among other things, that the agency established by clear and convincing evidence that the mother and the father permanently neglected the subject child, terminated their parental rights, and transferred guardianship and custody of the child to the agency and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother and the father separately appeal.
As an initial matter, the mother is foreclosed from raising issues related to the fact-finding phase of the proceeding, since a party cannot appeal from an order entered upon that party's default (see CPLR 5501[a][1]; Matter of King D.C. [Dwayne C.], 222 AD3d 746, 746; Matter of Serenity C.W. [Antoinette W.], 158 AD3d at 717). Since the mother appeared at the dispositional hearing, this Court may reach the issue of whether the Family Court properly terminated her parental rights and freed the child for adoption (see Matter of King D.C. [Dwayne C.], 222 AD3d at 747).
"In a proceeding to terminate parental rights because of permanent neglect, the agency must demonstrate by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Dynasty S.G. [Paula G.], 228 AD3d 657, 658 [internal quotation marks omitted]; see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d 679, 680). Diligent efforts include making referrals for counseling and classes, discussing the service plan with the parent and emphasizing the importance of complying with it, scheduling and supervising parental access sessions, and providing assistance to the parent to resolve the problems preventing the child's discharge (see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 681; Matter of Navyiah Sarai U. [Erica U.], 221 AD3d 959, 961; Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d 1078, 1079). "Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so" (Matter of Dynasty S.G. [Paula G.], 228 AD3d at 658 [internal quotation marks omitted]; see Matter of Orazio [Nanci P.], 233 AD3d 689, 690). "'[P]arents must themselves assume a measure of initiative and responsibility; they have a duty to plan for the future of their child'" (Matter of Chiamaka B.O. [Stanley N.O], 235 AD3d 759, 760, quoting Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 954). A parent's "mere participation in [classes and programs is] insufficient to meet the requirement to plan for the child's future [when the parent] failed to benefit from the services[, programs, and support] offered and did not utilize the tools or lessons learned in those classes in order to successfully plan for the child's future" (Matter of Mark M.L. [Shantia B.], 210 AD3d 1093, 1094). Moreover, "[a] parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Navyiah Sarai U. [Erica U.], 221 AD3d at 961 [internal quotation marks omitted]).
Here, contrary to the father's contentions, the agency demonstrated, by clear and convincing evidence, that it made diligent efforts to strengthen the parent-child relationship by forming a service plan that served the father's needs, consistently providing him with referrals for those services, and scheduling regular parental access sessions with the child (see Matter of Anthony A.R. [Taicha M.P.], 234 AD3d 696, 696; Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d at 954). The record shows that, despite the agency's diligent efforts, the father failed to plan for the return of the child, as he failed to complete any services, did not gain insight into the issues that led to the child's removal, and did not consistently attend parental access sessions with the child (see Matter of Ryder S.R. [Shaquana R.], _____ AD3d _____, _____, 2025 NY Slip Op 01813, *2; Matter of Christopher C. [Sonia C.], 235 AD3d 865, 867)
The mother and the father separately contend that the Family Court should have granted each of them suspended judgments. "[A]t the . . . dispositional hearing the court must consider only the best interests of the child involved" (Matter of Jeremiah W.T. [Shaunta K.J.—William T.], 206 AD3d 662, 663 [internal quotation marks omitted]). "A dispositional order suspending judgment provides a brief grace period to give a parent found to have permanently neglected a child a second chance to prepare for reunification with the child" (id.; see Matter of Amaarie L.M. [Kelly R.], 166 AD3d 977, 978). However, a suspended judgment "may be utilized only when the court determines that a second chance is in the child's best interests" (Matter of Amaarie L.M. [Kelly R.], 166 AD3d at 978 [internal quotation marks omitted]; see Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700).
The mother's lack of insight into her problems was demonstrated by her testimony that the child's placement in foster care was unrelated to the mother's drug abuse and her failure to complete any portion of her service plan. Therefore, a suspended judgment was not appropriate for [*2]the mother (see Matter of Davon K.W. [Lissette N.C.], 187 AD3d 766, 768). Similarly, a suspended judgment was not appropriate for the father, as he has unequivocally refused to engage in services since the child was initially placed into foster care (Matter of Mathew B.C. [Sue-Ann L.C.], 200 AD3d 689; Matter of Christina M.A.R. [Megan M.R.], 154 AD3d 690, 691).
Moreover, a suspended judgment is not appropriate where, as here, a child has lived with his or her foster parent for most of the child's life, is strongly bonded to the foster parent, and is well cared for in the foster parent's home (see Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d 913, 915; Matter of William S.L. [Julio A.L.], 195 AD3d 839, 844).
The father's remaining contention is without merit.
Accordingly, we affirm the order of fact-finding and disposition insofar as reviewed.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court