Matter of Keylin D. C. D. (Maria S.) (2025 NY Slip Op 03715)

Matter of Keylin D. C. D. (Maria S.)

2025 NY Slip Op 03715

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2023-08719
 (Docket No. B-3512-21)

[*1]In the Matter of Keylin D. C. D. (Anonymous). Rising Ground, respondent; Maria S. (Anonymous), appellant.

Center for Family Representation, Inc., New York, NY (Tehra Coles and Charles S. Rosenberg of counsel), for appellant.
John R. Eyerman, New York, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Zoe Allen of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Monica D. Shulman, J.), dated September 5, 2023. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject child on the ground of permanent neglect. Following fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the child, terminated the mother's parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother appeals.
"In a proceeding to terminate parental rights because of permanent neglect, the agency must demonstrate by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Ryder S.R. [Shaquana R.], 236 AD3d 1045, 1046 [internal quotation marks omitted]; see Social Services Law § 384-b[4][d]; [7][a], [f]). "Once an agency demonstrates that it made diligent efforts to encourage and strengthen the parental relationship, the agency bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so" (Matter of Ryder S.R. [Shaquana R.], 236 AD3d at 1046; see Social Services Law § 384-b[7][a]; Matter of Jack T. [Carmen H.], 234 AD3d 782, 783).
Here, the petitioner met its burden of establishing, by clear and convincing evidence, that the mother permanently neglected the child. Contrary to the mother's contention, the petitioner demonstrated that it made diligent efforts to strengthen the parent-child relationship by, among other things, developing a service plan that served the needs of the mother, scheduling regular parental access between the mother and the child, and providing referrals to programs and treatment for the mother (see Matter of Dynasty S.G. [Paula G.], 228 AD3d 657, 658; Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 961). Despite the petitioner's diligent efforts, the mother failed to plan for the child's return, as she failed to gain insight into the issues that caused the child's removal and were preventing the child's return to her care (see Matter of Nathaniel T., 67 NY2d 838, 842; Matter of Alice Z. [Lin Z.], 225 AD3d 887, 888; Matter of Scott I.R. [Jennifer M.I.], 180 AD3d 686, 687). Accordingly, the Family Court properly found that the mother permanently neglected the child.
The evidence adduced at the dispositional hearing established that termination of the mother's parental rights was in the best interests of the child (see Matter of Dynasty S.G. [Paula G.], 228 AD3d at 659; Matter of Ruth C. [Jaslene C.], 226 AD3d 677, 679). Contrary to the mother's contention, a suspended judgment was not appropriate in light of her failure to consistently attend parental access sessions with the child (see Matter of Ruth C. [Jaslene C.], 226 AD3d at 679-680; Matter of Davon K.W. [Lissette N.C.], 187 AD3d 766, 768). Moreover, a suspended judgment would not be in the child's best interests, as such a disposition would only prolong the delay of stability and permanency in the child's life (see Matter of Dynasty S.G. [Paula G.], 228 AD3d at 659; Matter of Phoenix E.P.-W. [Felicita P.], 225 AD3d 875, 877). Further, the record supports the Family Court's determination that the best interests of the child would be served by freeing her for adoption by her foster parents, with whom the child has bonded and resided over a prolonged period of time (see Matter of Phoenix E.P.-W. [Felicita P.], 225 AD3d at 877; Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d 913, 915).
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court