Matter of Annabelle W. (Shanita L.B.) (2025 NY Slip Op 03813)

Matter of Annabelle W. (Shanita L.B.)

2025 NY Slip Op 03813

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-07559
2024-07566
 (Docket No. B-9266-21)

[*1]In the Matter of Annabelle W. (Anonymous). Little Flower Children and Family Services of New York, petitioner-respondent; Shanita L. B. (Anonymous), appellant, et al., respondent.

David Laniado, Cedarhurst, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent.
Wendy Pelle-Beer, Fresh Meadows, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Monica D. Shulman, J.), dated January 22, 2024, and (2) an order of disposition of the same court dated August 5, 2024. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the mother permanently neglected the subject child. The order of disposition, upon the order of fact-finding and after a dispositional hearing, terminated the mother's parental rights and transferred guardianship and custody of the subject child to the petitioner for the purpose of adoption.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject child on the ground of permanent neglect. Following a fact-finding hearing, the Family Court found, among other things, that the mother permanently neglected the child. Thereafter, following a dispositional hearing, the court terminated the mother's parental rights and transferred guardianship and custody of the child to the petitioner for the purpose of adoption. The mother appeals.
"When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Christopher John B. [Christopher B.], 87 AD3d 1133, 1134; [*2]see Social Services Law § 384-b[3][g][i]; [4][d]; [7][a]; Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733). "Those efforts must include counseling, making suitable arrangements for [parental access], providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development" (Matter of Geddiah S.R. [Seljeana P.], 195 AD3d 725, 725 [internal quotation marks omitted]; see Social Services Law § 384-b[7][f]; Matter of Christopher C. [Sonia C.], 235 AD3d 865, 866). "Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so" (Matter of Ella Elizabeth V. [Reginald P.], 234 AD3d 703, 704; see Social Services Law § 384-b[7][a]; Matter of Geddiah S.R. [Seljeana P.], 195 AD3d at 725-726). "A parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Shimon G. [Batsheva G.], 206 AD3d at 733; see Matter of Ella Elizabeth V. [Reginald P.], 234 AD3d at 704).
Here, the petitioner met its burden of establishing that the mother permanently neglected the child. Contrary to the mother's contention, the petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the mother's relationship with the child by forming a service plan that served the needs of the mother, discussing with the mother the importance of compliance with the service plan, attempting to conduct home visits, and facilitating parental access with the child. Despite those efforts, the mother failed to plan for the child's future, as she only partially complied with her service plan (see Matter of Damaris E.A. [Johanna A.M.], 217 AD3d 860, 861; Matter of Shimon G. [Batsheva G.], 206 AD3d at 734). Accordingly, the Family Court properly found that the mother permanently neglected the child.
The evidence adduced at the dispositional hearing established that termination of the mother's parental rights was in the child's best interests (see Matter of Damaris E.A. [Johanna A.M.], 217 AD3d at 861-862). Further, the record supports the Family Court's determination that the best interests of the child would be served by freeing her for adoption by her foster mother, with whom the child has bonded and resided over a prolonged period of time (see Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d 913, 915).
Contrary to the mother's contention, she was not deprived of the effective assistance of counsel. Viewed in totality, the record reflects that the mother received meaningful representation (see Matter of Bella S. [Alice Y.-S.], 225 AD3d 883, 885; Matter of Fatoumata A.C. [Amadou C.], 206 AD3d 991, 992).
The mother's remaining contention is without merit.
GENOVESI, J.P., WARHIT, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court